**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GLORIA BARRERA DE HUERTA, AKA Gloria Barrera-Villa, AKA Rosa Delgado, AKA Gloria Huerta, AKA Gloria B. Huerta, AKA Maria Huerta, AKA Gloria Huretz, AKA Maria Lopez, AKA Rosa Dlegado,<br><br>      Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>      Respondent. | No.   15-70576<br><br>Agency No. A044-764-952<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred November 15, 2017[**]
Submitted May 29, 2018
San Francisco, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and BYBEE, Circuit Judges, and SMITH,*** Chief District Judge.

Gloria Barrera de Huerta, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA's") denial of withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), and denial of withholding of removal and protection under CAT for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1049 (9th Cir. 2010). We deny the petition.

Barrera de Huerta argues she is eligible for withholding of removal based on membership in the proposed particular social group "Americanized Mexicans" or "pochos." We have previously held that such a group does not meet the legal requirements for a particular social group under 8 U.S.C. § 1231(b)(3). *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (denying withholding of removal because petitioners' proposed group, "imputed wealthy Americans," was not cognizable as a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (denying withholding of removal because "[p]etitioners' proposed social group, 'returning Mexicans from the

    *** The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

United States,' . . . is too broad to qualify as a cognizable social group"). The BIA properly denied Barrera de Huerta's withholding of removal claim.

With respect to the CAT claim, Barrera de Huerta testified that she has twice been the victim of violent crime in Mexico, and the Immigration Judge found her credible. She has not, however, shown that the Mexican government acquiesces in violent crime. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."). Nor has she shown she is any more likely to be a victim of violence or crime than the populace of Mexico as a whole. *See Ramirez-Munoz*, 816 F.3d at 1230 ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden."); *Delgado-Ortiz*, 600 F.3d at 1152 ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet th[e] standard [for relief under CAT]."). Thus, substantial evidence supports the BIA's denial of her CAT claim.

The petition for review is **DENIED.**